CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 29 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAKISA DENISE MARTIN,<br>Plaintiff, | Civil Action No. 7:07-cv-00385 |
| v. | **MEMORANDUM OPINION** |
| MARTINSVILLE CITY JAIL,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Makisa Denies Martin, an inmate at the Martinsville City Jail in Martinsville, Virginia, has filed a pro se civil rights action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon consideration of the complaint, it is clear that plaintiff did not exhaust all available grievance procedures. Because plaintiff did not exhaust her administrative remedies before filing this action, I find that her claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

In her complaint, plaintiff states that she did not exhaust all available administrative remedies before filing her complaint.* Generally, inmates have a grievance procedure available that includes

---

* Plaintiff states, in her verified statement regarding the exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), that she has exhausted the administrative remedies to the highest available level. However, in her complaint, she states that she has not filed any grievances regarding the facts of her complaint

the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. Plaintiff clearly states that she has not filed grievances regarding the issues raised in her complaint. Even construing some of her submissions as an attempt to avail herself of the jail's administrative remedies, and given the timeline demonstrated in the documents she has filed with the court, it is clear that she has not appealed any grievance she may have filed. Because she has not appealed such grievances, she has not fully exhausted all available administrative remedies regarding her current claims, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit. Thus, I shall dismiss these claims pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 29th day of August, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

---

because "the Jail wouldn't let me." Significantly, she includes with her complaint a letter, dated July 31, 2007, which details the facts of the instant complaint (and additional issues), occurring in July of 2007, states "I will look for some kind of response to this letter," and concludes, "I need a 1983 grievance form." The instant complaint raises issues that occurred on July 11, 2007; on July 31 and August 1, 2007; and a claim of denial of medical care from April 27, 2007, to July 6, 2007. Inasmuch as the instant complaint was filed on August 6, 2007, it is clear that plaintiff did not exhaust her administrative remedies to the highest level of appeal.

2